# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| **CURTIS J. TERRY,** | |
| Plaintiff, | Case No. 22-CV-00465 |
| v. | Honorable Judge Harry D. Leinenweber |
| **THE NATIONAL RAILROAD PASSENGER CORPORATION,** | Honorable Jeffrey Cole (Magistrate) |
| Defendant. | |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant National Railroad Passenger Corporation d/b/a/ Amtrak ("Amtrak" or "Defendant"), by and through its attorneys, Littler Mendelson, P.C., responds as follows to the allegations contained in Plaintiff's Complaint:

### NATURE OF ACTION, JURISDICTION AND VENUE

1.     This is an action against The National Railroad Passenger Corporation d/b/a Amtrak ("Amtrak" or "Defendant") for its unlawful discrimination and retaliation on the basis of his race, African American, and color in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. ("Title VII"), as well as 42 U.S.C. § 1981 ("Section 1981").

**ANSWER:**     Amtrak admits that Plaintiff purports to assert claims of discrimination and retaliation under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. Section 1981. Amtrak denies that Plaintiff's claims have any merit whatsoever.

### PARTIES

2.     Plaintiff is a black, African American individual who resides at 8018 South Luella, Chicago, Illinois 60617. Plaintiff is an employee of the Defendant, within the meaning of Section 1981 and Title VII.

**ANSWER:**     Paragraph 2 of the Complaint contains legal conclusions that require no response.  Subject to and without waiving this objection, upon information and belief, Amtrak

admits that Plaintiff is African-American. Amtrak denies that Plaintiff is a current employee. Amtrak lacks knowledge or information sufficient to form a belief regarding the truth of the remaining allegations contained in Paragraph 2 and therefore denies those allegations.

3. Defendant operates a railroad system throughout the United States, and maintains large regional offices and operations in Chicago, Illinois. Those offices are located at 225 South Canal Street, Chicago, Illinois 60606.

**ANSWER:** Amtrak admits the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4. Defendant is an "employer" within the meaning of Section 1981 and Title VII.

**ANSWER:** Paragraph 4 of the Complaint contains legal conclusions that require no response. Subject to and without waiving this objection, Amtrak admits that it has employees.

## JURISDICTION AND VENUE

5. This Court has subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4), and 42 U.S.C. § 20003-5(f) because it arises under the laws of the United States and Plaintiff seeks redress for violations of civil rights.

**ANSWER:** Paragraph 5 of the Complaint contains legal conclusions that require no response. Subject to and without waiving this objection, Amtrak does not contest that this Court has subject matter jurisdiction over Plaintiff's claims brought pursuant to Title VII of the Civil Right Act of 1964 ("Title VII") and 42 U.S.C § 1981 ("Section 1981"). Amtrak denies the remaining allegations set forth in Paragraph 5 of Plaintiff's Complaint.

6. This Court may properly maintain personal jurisdiction over Defendant who maintains significant operations in this District, and is also the location where Plaintiff is employed by the Defendant.

**ANSWER:** Paragraph 6 of the Complaint contains legal conclusions that require no response. Subject to and without waiving this objection, Amtrak does not contest that it is subject to personal jurisdiction in this Court. Amtrak denies the remaining allegations set forth in Paragraph 6 of Plaintiff's Complaint.

7.     Venue is appropriate because some part of the actions at issue in this Complaint occurred in this District.

**ANSWER:**     Amtrak denies that Plaintiff's Complaint accurately describes events that occurred within this judicial district.  Amtrak does not contest, however, that this Court is a proper venue for Plaintiff's claims.

## EXHAUSTION

8.     On or about October 1, 2020, Plaintiff filed a charge of discrimination against Defendant with the EEOC alleging discrimination based on race, color, and retaliation.

**ANSWER:**     Amtrak admits the allegations in Paragraph 8 of Plaintiff's Complaint.

9.     On or about October 29, 2021, Plaintiff received a notice of right to sue letter. The letter is attached hereto as Exhibit 1.

**ANSWER:**     Amtrak is without sufficient information and/or knowledge to admit or deny when Plaintiff received a copy of the EEOC's Dismissal and Notice of Right to Sue Letter and therefore denies Paragraph 9 of Plaintiff's Complaint.   Amtrak admits that the EEOC's Dismissal and Notice of Right to Sue Letter was attached as Exhibit 1 to Plaintiff's Complaint.

10.     Plaintiff initiated this action, within 90 days of receiving the aforementioned notice of right to sue letter.

**ANSWER:**     Amtrak is without sufficient information and/or knowledge to admit or deny when Plaintiff received a copy of the EEOC's Dismissal and Notice of Right to Sue Letter and therefore denies Paragraph 10 of Plaintiff's Complaint.

## FACTS

11.     Mr. Terry has significant experience working for railroads. Prior to his working with the Defendant, Mr. Terry has spent more than two decades working with railroads performing all types of jobs including but not limited to positions such as brakeman, conductor, yardmaster, trainmaster, senior trainmaster, terminal manager, terminal coordinator, assistant superintendent, and train director.

**ANSWER:** Amtrak lacks knowledge and/or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 11 of Plaintiff's Complaint and therefore denies those allegations.

12. In 2017, Mr. Terry became employed by the Defendant in the position of train director in Chicago.

**ANSWER:** Amtrak admits the allegations in Paragraph 12 of Plaintiff's Complaint.

13. Since that time, Mr. Terry had successfully performed his job duties and responsibilities as train director.

**ANSWER:** Amtrak admits that Plaintiff was employed as a Train Director. Amtrak denies the remaining allegations contained in Paragraph 13 of Plaintiff's Complaint.

14. Despite his experience and performance, Mr. Terry, as well as other similarly situated black and African American individuals working for Defendant, was the subject to arbitrary and inconsistent application of disciplinary policies by the Defendant at least since 2019 and continuing to the present. Such inconsistent application created a hostile work environment towards black and African American individuals.

**ANSWER:** Amtrak denies the allegations in Paragraph 14 of Plaintiff's Complaint.

15. By way of example only, in a continuing pattern of inconsistent and improper application of discipline, Mr. Terry was written up and suspended for two weeks without pay for allegedly sleeping on the job in 2019, which was false. That improper suspension has continued to be used against Mr. Terry to this day. Yet, just a few months ago, when a Caucasian train director fell asleep on the job, no investigation or disciplinary action was taken in regards to that situation.

**ANSWER:** Amtrak admits that Plaintiff was subject to discipline in 2019 after being seen sleeping, or in a position of sleep, while on duty. Amtrak denies the remaining allegations in Paragraph 15 of Plaintiff's Complaint.

16. Another example, in 2020, Mr. Terry was disciplined for alleged violation of a policy prohibiting use of personal phone. Such actions however have been continually engaged in by Caucasian train directors, none of whom were disciplined for such actions.

**ANSWER:** Amtrak admits that Plaintiff was subject to discipline in 2020 for making personal, non-railroad calls on an emergency phone designated for emergency safety alerts. Amtrak denies the remaining allegations in Paragraph 16 of Plaintiff's Complaint.

17.     Indeed, while Mr. Terry has been the subject of various other disciplinary actions, other Caucasian train directors and others engaged in the same conduct were not disciplined or investigated.

**ANSWER:**     Amtrak denies the allegations in Paragraph 17 of Plaintiff's Complaint.

18.     Again, by way of example only, in 2021, Mr. Terry had objects thrown at him by a white train director. Mr. Terry reported the incident, and not only was no disciplinary action taken, there was no investigation into the incident.

**ANSWER:**     Amtrak lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 18 of Plaintiff's Complaint and therefore denies those allegations.

19.     Another example of the hostile work environment is evidenced by the fact that policies are discussed and transmitted between Caucasian management personnel to Caucasian train directors, but not disseminated to black and African American train directors. Then, white supervisors used such policies as a basis for discipline against Mr. Terry despite not being notified of the existence of a policy.

**ANSWER:**     Amtrak denies the allegations in Paragraph 19 of Plaintiff's Complaint.

20.     Also, as a part of the hostile environment, Mr. Terry has been the victim of various forms of racial harassment on a continual basis based upon his race and color. For example, a white train director has and continues to violate company policy, including but not limited to, by making harassing and improper racially charged comments to Mr. Terry and other black and/or African Americans employees. Despite this conduct, this white train director receives favorable treatment and no discipline. Such activities have been condoned and encouraged by immediate supervisors who are white, and all without disciplinary action.

**ANSWER:**     Amtrak denies the allegations in Paragraph 20 of Plaintiff's Complaint.

21.     The inconsistent application of disciplinary policies and discriminatory practices has also been utilized to preclude the advancement and promotion of Mr. Terry and other African Americans while other less qualified white individuals have been promoted.

**ANSWER:**     Amtrak denies the allegations in Paragraph 21 of Plaintiff's Complaint.

22.     Since at least 2019, Mr. Terry has continually applied for a promotion, as have other black and African American individuals, from the train director position. Mr. Terry applied for positions including trainmaster, manager of train operations, assistant supervisor, and other promotions since that date, including several in 2020 and 2021. Mr. Terry is qualified for promotions, as are other black and African American train directors. However, for that time period, while Mr. Terry, and other African American and black train directors have applied for

promotions, none of them have received those positions, but instead those positions have been filled with less qualified Caucasian individuals.

**ANSWER:** Amtrak admits that Plaintiff applied for promotions at various times.

Amtrak denies the remaining allegations in Paragraph 22 of Plaintiff's Complaint.

23. Mr. Terry, as well as the other black and African American train directors, were not promoted because of their race and color.

**ANSWER:** Amtrak denies the allegations in Paragraph 23 of Plaintiff's Complaint.

24. Mr. Terry has complained to numerous levels of supervisors since at least 2019 and continuing through 2021 about many of these issues and the discriminatory practices discussed above but there has never been any resolution or action to address those concerns. Indeed, his complaints were often just tabled and not addressed or investigated to a conclusion and/or reviewed in only cursory fashion.

**ANSWER:** Amtrak denies the allegations in Paragraph 24 of Plaintiff's Complaint.

25. Instead, in retaliation for Mr. Terry raising such complaints, white supervisors took steps to delay any action and limit involvement and review. In so doing, the discriminatory conduct was permitted to continue and intensify, and the hostile work environment remained both hidden and immune from criticism and change, and allowed to continue.

**ANSWER:** Amtrak denies the allegations in Paragraph 25 of Plaintiff's Complaint.

26. Furthermore, while Mr. Terry has been complaining about the disciplinary actions and lack of response to his concerns, he has continued to have actions taken against him by other white train directors, and has continued to be subject to a harassing environment with no promotion.

**ANSWER:** Amtrak denies the allegations in Paragraph 26 of Plaintiff's Complaint.

27. Such retaliation reached a crescendo on January 11, 2022 as Mr. Terry was deprived of certain rights and protections that are provided for under the Defendant's written policies associated after reporting a work incident, with Defendant taking further adverse employment actions against him including but not limited to job and pay restrictions and other limitation which make the circumstances of his employment even more hostile and intolerable.

**ANSWER:** Amtrak denies the allegations in Paragraph 27 of Plaintiff's Complaint.

## COUNT I
## RACE DISCRIMINATION UNDER SECTION 1981

28. Mr. Terry realleges and restates his allegations as set forth above in Paragraphs 1 through 27.

**ANSWER:** Amtrak incorporates here, as if fully set forth, its above responses to Paragraphs 1 through 27 of Plaintiff's Complaint.

29. Similarly situated Caucasian train directors who violated policies and procedures were not investigated and/or disciplined, and if they were, the discipline imposed was less severe than upon Mr. Terry and other black and African American train directors.

**ANSWER:** Amtrak denies the allegations in Paragraph 29 of Plaintiff's Complaint.

30. Plaintiff was treated differently and harshly in regards to discipline imposed upon him, and as well as how that discipline was used against Plaintiff. Mr. Terry was deprived of protections under policies and procedures which were provided to other workers who are Caucasian. Such treatment, and the hostile work environment that was created, was based on Plaintiff's race and color,

**ANSWER:** Amtrak denies the allegations in Paragraph 30 of Plaintiff's Complaint.

31. During the course of the Plaintiff's employment with the Defendant, both black and white employees were employed as train directors.

**ANSWER:** Amtrak admits the allegations in Paragraph 31 of Plaintiff's Complaint.

32. Mr. Terry and other black and African American train directors applied for promotions within Amtrak.

**ANSWER:** Amtrak admits the allegations in Paragraph 32 of Plaintiff's Complaint.

33. The Defendant did not select Mr. Terry or any of the black and African American train directors for promotions that they applied from at least 2019 to date.

**ANSWER:** Amtrak denies Paragraph 33 of Plaintiff's Complaint.

34. Instead, less qualified white individuals were provided these promotions.

**ANSWER:** Amtrak denies the allegations in Paragraph 34 of Plaintiff's Complaint.

35. The Plaintiff was not selected for the promotion because he is black and African American.

**ANSWER:** Amtrak denies the allegations in Paragraph 35 of Plaintiff's Complaint.

36. By its imposition of a disciplinary system that treats African American and black individuals in the position of Plaintiff differently, as well as its failure to promote the Plaintiff, the Defendant violated Section 1981.

**ANSWER:** Amtrak denies the allegations in Paragraph 36 of Plaintiff's Complaint.

37.     Mr. Terry has lost tens of thousands of dollars of salary per year, as well as other benefits. Further, Mr. Terry has been damaged through emotional distress, as well as through pain and suffering from the actions taken by the Defendant.

**ANSWER:**     Amtrak denies the allegations in Paragraph 37 of Plaintiff's Complaint.

## COUNT II
## RACE DISCRIMINATION UNDER TITLE VII

38.     Mr. Terry realleges and restates his allegations as set forth above in Paragraphs 1 through 27.

**ANSWER:**     Amtrak incorporates here, as if fully set forth, its above responses to Paragraphs 1 through 37 of Plaintiff's Complaint.

39.     Mr. Terry is a part of a protected class, as are other black and African American train directors.

**ANSWER:**     Paragraph 39 of the Complaint contains a legal conclusion that requires no response.  Subject to and without waiving this objection, upon information and belief, Amtrak admits that Plaintiff is African American.

40.     Mr. Terry has suffered adverse employment actions in numerous ways which have included the improper and unfair application of disciplinary policies, which led to his treatment which was different and harsher than similarly situated Caucasian employees. Mr. Terry was deprived of protections under policies and procedures which were provided to other workers who are Caucasian. Such treatment, and the hostile work environment that was created, was based on Plaintiff's race and color.

**ANSWER:**     Amtrak denies the allegations in Paragraph 40 of Plaintiff's Complaint.

41.     Similarly situated Caucasian employees which violated policies and procedures were not investigated and/or disciplined, and if they were, the discipline was much less that what was imposed upon African Americans and black employees.

**ANSWER:**     Amtrak denies the allegations in Paragraph 41 of Plaintiff's Complaint.

42.     Mr. Terry, as other African American and black train directors, has also been denied promotions, the denial of which has been based on his race and color. Less qualified Caucasian individuals were promoted to positions above train director.

**ANSWER:**     Amtrak denies the allegations in Paragraph 42 of Plaintiff's Complaint.

## COUNT III
## RETALIATION UNDER SECTION 1981

43.     Plaintiff reasserts and realleges the allegations set forth above in Paragraphs 1 through 42.

**ANSWER:**     Amtrak incorporates here, as if fully set forth, its above responses to Paragraphs 1 through 42 of Plaintiff's Complaint.

44.     Plaintiff engaged in protected activity by complaining about the discipline he was receiving, the failure to discipline Caucasian train directors, the discriminatory basis associated with these actions, the slow pace of investigation into his complaints, as well as a failure to receive a promotion. Indeed, in 2020 and 2021, he repeatedly complained about his treatment which was based on his race and color.

**ANSWER:**     Amtrak denies the allegations in Paragraph 44 of Plaintiff's Complaint.

45.     Not only were those complaints not investigated on a timely basis, many of the issues were largely ignored as a form of retaliatory conduct.

**ANSWER:**     Amtrak denies the allegations in Paragraph 45 of Plaintiff's Complaint.

46.     Mr. Terry's complaints led to greater and further disciplinary actions against Mr. Terry.

**ANSWER:**     Amtrak denies the allegations in Paragraph 46 of Plaintiff's Complaint.

47.     As part of the hostile and retaliatory work environment, Mr. Terry was the subject of retaliatory acts just a few days ago through the Defendant's failure to provide him the rights and protections under Defendant's policies and procedures that Mr. Terry was entitled to have after a workplace incident occurred. Rather than providing those protections, the Defendant withheld those protections as acts of retaliation, and made the work environment more difficult and hostile towards Mr. Terry, taking adverse actions including but not limited to, inter alia, placing job and pay restrictions upon him.

**ANSWER:**     Amtrak denies the allegations in Paragraph 47 of Plaintiff's Complaint.

48.     Plaintiff's complaints are causally related to the adverse and retaliatory conduct and actions taken against him.

**ANSWER:**     Amtrak denies the allegations in Paragraph 48 of Plaintiff's Complaint.

## COUNT IV
## RETALIATION UNDER TITLE VII

49.     Plaintiff reasserts and realleges the allegations set forth above in Paragraphs 1 through 48.

**ANSWER:** Amtrak incorporates here, as if fully set forth, its above responses to Paragraphs 1 through 48 of Plaintiff's Complaint.

50. Plaintiff engaged in protected activity by complaining about the discipline he was receiving, the failure to discipline Caucasian train directors, the discriminatory basis associated with these, the slow pace of investigation into his complaints. as well as the failure to receive a promotion. Indeed, in 2020 and 2021, he repeatedly complained about his treatment which was based on his race and color.

**ANSWER:** Amtrak denies the allegations in Paragraph 50 of Plaintiff's Complaint.

51. Not only were those complaints not investigated on a timely basis, many of the issues were largely ignored.

**ANSWER:** Amtrak denies the allegations in Paragraph 51 of Plaintiff's Complaint.

52. Instead, Mr. Terry's complaints led to greater and further disciplinary actions against Mr. Terry.

**ANSWER:** Amtrak denies the allegations in Paragraph 52of Plaintiff's Complaint.

53. As part of this hostile and retaliatory environment, Mr. Terry was the subject of retaliatory acts against just a few days ago through Defendant's failure to provide him the rights and protections under Defendant's policies and procedures that Mr. Terry was entitled to have after a workplace incident occurred. Rather than providing those protections, the Defendant withheld the protections as acts of retaliation and made the work environment more difficult and hostile towards Mr. Terry, taking adverse actions including but not limited to, inter alia, placing job and pay restrictions upon him.

**ANSWER:** Amtrak denies the allegations in Paragraph 53 of Plaintiff's Complaint.

54. Plaintiff's complaints are causally related to the adverse and retaliatory conduct and actions taken against him.

**ANSWER:** Amtrak denies the allegations in Paragraph 54 of Plaintiff's Complaint.

## PRAYER FOR RELIEF

Plaintiff respectfully requests this Court grant the following relief:

a.   Entry of judgment in favor of Plaintiff against Defendant;

b.   Back pay;

c.   Compensatory damages;

d.   Damages for pain, suffering and emotional distress;

e.    Punitive damages;

f.    Pre-Judgment interest;

g.    Attorneys' fees and costs; and

h.    Promotion to a position as Manager of Train Operations or other position that represents a promotion from Plaintiff's position as train director.

**ANSWER:** Amtrak denies that Plaintiff is entitled to any relief in this action, including the relief requested under the heading Prayer for Relief in Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

1.    The employment decisions about which Plaintiff complains were based upon legitimate, non-discriminatory factors and non-discriminatory animus.

2.    Plaintiff's claims are barred to the extent Plaintiff has failed to satisfy the statutory and/or jurisdictional prerequisites to suit and/or to the extent that he seeks to base his claims on events occurring outside the applicable statute of limitations. The allegations in this affirmative defense may have evidentiary support after a reasonable opportunity for further investigation and/or discovery.

3.    Plaintiff's claims are barred to the extent they are based on allegations and claims not asserted in Plaintiff's administrative charge.

4.    Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of laches, waiver, estoppel, and unclean hands.

5.    To the extent that Plaintiff's claims are subject to the doctrine of after-acquired evidence, any remedy or recovery to which Plaintiff might have been entitled must be denied or reduced accordingly.  The allegations in this affirmative defense may have evidentiary support after a reasonable opportunity for further investigation and/or discovery.

6.      Even if Plaintiff could show that an unlawful factor played a role in a decision impacting his employment, which Amtrak denies, Amtrak would have made the same decision with respect to Plaintiff's employment without consideration of such unlawful factor.

7.      Plaintiff's claims are barred, in whole or in part, by the doctrines of judicial estoppel and equitable estoppel.

8.      Plaintiff's claims are barred, in whole or in part, by other applicable federal law, including the Railway Labor Act (RLA), 45 U.S.C. §§ 151 *et seq*.

9.      If Plaintiff purports to allege a claim or claims for physical or mental or emotional distress injuries, pain or suffering, including claims for recovery of medical expenses incurred thereby, said claims are barred, in whole or in part, by the Federal Employer's Liability Act (FELA).

10.     Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff failed to avail himself of reasonable opportunities Amtrak made available for the reporting and investigation of alleged discrimination, harassment, and retaliation. Amtrak maintains and disseminates appropriate policies and procedures relating to the prohibition of discrimination, harassment, and retaliation, and it takes prompt and appropriate actions to investigate and address reports of same.

11.     Defendant is not liable for punitive damages because it at all times made a good faith effort to comply with the Section 1981 and all applicable federal civil rights laws. Any actions taken by Defendant regarding Plaintiff were taken in good faith, in accordance with its internal policies against discrimination and/or retaliation and applicable laws, and not taken wantonly or with malice or bad faith and/or reckless indifference to Plaintiff's protected rights. Defendant therefore did not willfully violate any law with respect to its treatment of Plaintiff, thereby negating Plaintiff's entitlement to punitive damages. To the extent that Plaintiff cannot prove actual or

punitive damages, he can only recover nominal damages. Moreover, the imposition of punitive damages would violate the Due Process provisions of the United States Constitution.

12.     Plaintiff's claims are barred or his recovery of damages is limited, in whole or in part, to the extent Plaintiff failed to reasonably mitigate his damages.

Dated: April 14, 2022                          Respectfully submitted,

                                               AMTRAK

                                               By:  /s/ *Yara Mroueh*
                                                             One of its Attorneys

Michael Wilder (IL 6291053)
Yara Mroueh (IL 6324386)
LITTLER MENDELSON, P.C.
321 North Clark Street, Suite 1100
Chicago, IL  60654
312.372.5520
mwilder@littler.com
ymroueh@littler.com

## **CERTIFICATE OF SERVICE**

Yara Mroueh, an attorney, hereby certifies that, on April 14, 2022, she caused a copy of the foregoing ***Defendant's Answer and Affirmative Defenses to Plaintiff's Complaint*** to be electronically filed with the Clerk of the Court, using the court's CM/ECF system, causing same to be served electronically to all counsel of record, including Plaintiff's counsel.

*/s/ Yara Mroueh*
Yara Mroueh